L.B.F. 3015.1

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

In re: Rosa Machuca                                    Case No.:

                                                                  Chapter:         13

            Debtor(s)

## AMENDED Chapter 13 Plan

            XX☐ Original

Date:    October 21, 2020

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts.  You should read these papers carefully and discuss them with your attorney.  **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
NOTICE OF MEETING OF CREDITORS.**

| **Part 1:  Bankruptcy Rule 3015.1(c) Disclosures** |
|---|
| ☑  Plan contains non-standard or additional provisions – see Part 9<br>☐  Plan limits the amount of secured claim(s) based on value of collateral – see Part 4<br>☐  Plan avoids a security interest or lien – see Part 4 and/or Part 9 |
| **Part 2:  Plan Payment, Length and Distribution** – *PARTS  2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE* |
| **§ 2(a)(1)  Initial Plan:**<br>       **Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $44,999.93<br>        Debtor shall pay the Trustee $750.00_____ per month for 60 months; and<br>  .<br>☐  Other changes in the scheduled plan payment are set forth in § 2(d)<br><br>☐  Other changes in the scheduled plan payment are set forth in § 2(d) |

**§ 2(b)  Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):**
Debtor shall make monthly plan payments directly to the Trustee from the household's regular monthly income from Social Security Disability Benefits, disclosed on Sch. I.

**§ 2(c)  Alternative treatment of secured claims**:
☐ **None.**  If "None" is checked, the rest of § 2(c) need not be completed.

**Sale of real property**
*See § 7(c) below for detailed description*

☐ **Loan modification with respect to mortgage encumbering property**:
*See § 4(f) below for detailed description*

**§ 2(d)  Other information that may be important relating to the payment and length of Plan:**

**§ 2(e) Estimated Distribution**:

| | | |
|---|---|---|
| A. | Total Priority Claims (Part 3) | |
| | 1. Unpaid attorney's fees | $ 0.00 |
| | 2. Unpaid attorney's costs | $ 0.00 |
| | 3. Other priority claims (e.g., priority taxes) | $0.00 |
| B. | Total distribution to cure defaults (§ 4(b)) | $0.00 |
| C. | Total distribution on secured claims (§§ 4(c) &(d)) | $40199.93 |
| D. | Total distribution on unsecured claims (Part 5) | $300.00 |
| | Subtotal | $40,499.93 |
| E. | Estimated Trustee's Commission | $4500.00 |
| F. | Base Amount | $44,999.93 |

## Part 3:  Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees)

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| N/A | | |

**§ 3(b)  Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

☑ **None.**  If "None" is checked, the rest of § 3(b) need not be completed.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim.  *This plan provision requires that payments in § 2(a) be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of Creditor | Amount of claim to be paid |
|---|---|
| N/A | |
| | |

## Part 4:  Secured Claims

**§ 4(a) Secured claims not provided for by the Plan:**

**X -  None.**  If "None" is checked, the rest of § 4(a) need not be completed.

| Creditor | Secured Property |
|---|---|
| ☐ If checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement. | |
| ☐ If checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement. | |

**§ 4(b)  Curing default and maintaining payments**

☐ **None.**  If "None" is checked, the rest of § 4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Description of Secured Property and Address, if real property | Current Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable (%) | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| | | | | 0.00% | |

**§ 4(c)  Allowed secured claims to be paid in full:  based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim**

☐ **None.**  If "None" is checked, the rest of § 4(c) need not be completed.

(1)  Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either**:** (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. *If the claimant included a different interest rate or amount for "present value" interest in its proof of claim or otherwise disputes the amount provided for "present value" interest, the claimant must file an objection to confirmation.*

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Description of Secured Property and Address, if real property | Total Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be paid |
|---|---|---|---|---|---|
| SYI 2019 LLC | 829 North 29th Street Philadelphia, PA 19130 | 40,199.00 | 10% | 3050.00 | 40,199.00 |

**§ 4(d)  Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**
☒ **None.**  If "None" is checked, the rest of § 4(d) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below.  If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Collateral | Amount of Claim | Present Value Interest | Estimated total payments |
|---|---|---|---|---|
| | | | ____ % | $ _____ |
| | | | ____ % | $ _____ |

### § 4(e)  Surrender
☒ **None.**  If "None" is checked, the rest of § 4(e) need not be completed.

    (1)  Debtor elects to surrender the secured property listed below that secures the creditor's claim.
    (2)  The automatic stay under 11 U.S.C. § 362(a) and 1301(a) with respect to the secured property terminates upon confirmation of the Plan.
    (3)  The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Secured Property |
|---|---|
| N/A |  |

### § 4(f)  Loan Modification
☒ **None.**  If "None" is checked, the rest of § 4(f) need not be completed.

    (1)  Debtor shall pursue a loan modification directly with _____ or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

    (2)  During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of $_____ per month, which represents (*describe basis of adequate protection payment*).  Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

    (3)  If the modification is not approved by _____(date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

## Part 5:  General Unsecured Claims

### § 5(a)  Separately classified allowed unsecured non-priority claims
☒ **None.**  If "None" is checked, the rest of § 5(a) need not be completed.

| Creditor | Basis for Separate Classification | Treatment | Amount of Claim | Amount to be paid |
|---|---|---|---|---|
| N/A |  |  |  |  |

### § 5(b)  Timely filed unsecured non-priority claims
(1) Liquidation Test *(check one box)*
    ☐  All Debtor(s) property is claimed as exempt.
    **x**  Debtor(s) has non-exempt property valued at $9,356.07 for purposes of § 1325(a)(4) and plan provides for distribution of  $ 300  to allowed priority and unsecured general creditors.

(2) Funding: § 5(b) claims to be paid as follows *(check one box)*:
    **x**  Pro rata
    ☐  100%
    ☐  Other (Describe)

## Part 6: Executory Contracts & Unexpired Leases

☒ **None.** If "None" is checked, the rest of § 6 need not be completed.

| Creditor | Nature of Contract or Lease | Treatment by Debtor Pursuant to §365(b) |
|---|---|---|
| **N/A** | | |

## Part 7: Other Provisions

### § 7(a)  General principles applicable to the Plan
(1) Vesting of Property of the Estate *(check one box)*
   ☒ Upon confirmation
   ☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the debtor directly.  All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

### § 7(b)  Affirmative duties on holders of claims secured by a security interest in debtor's principal residence

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s).  Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

**(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

6

**§ 7(c)  Sale of Real Property**
☒ **None.**  If "None" is checked, the rest of § 7(c) need not be completed.

## Part 8:  Order of Distribution

**The order of distribution of Plan payments will be as follows:**

  **Level 1:**  Trustee Commissions*
  **Level 2:**  Domestic Support Obligations
  **Level 3:**  Adequate Protection Payments
  **Level 4:**  Debtor's attorney's fees
  **Level 5:**  Priority claims, pro rata
  **Level 6:**  Secured claims, pro rata
  **Level 7:**  Specially classified unsecured claims
  **Level 8:**  General unsecured claims, pro rata
  **Level 9:**  Untimely filed general unsecured non-priority claims to which debtor has not objected

****Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.***

| Part 9: Non Standard or Additional Plan Provisions |
|---|

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

☐ **None.** If "None" is checked, the rest of Part 9 need not be completed.

**§ 9(a): ADDITIONAL PLAN PROVISIONS - CONFIRMATION OF THIS PLAN WILL CONSTITUTE A FINDING AND ORDER THAT:**

(1) <u>Refusal of Disbursements</u> - In the event that any creditor in any class refuses any disbursement from the standing trustee, the standing trustee shall be authorized to disburse those funds to other creditors in the same class, or if all such similarly classified creditors have already been paid, to other creditors in the next level of priority, without seeking a modification of the plan.

(2) <u>Secured Claims Provided for by Part 4 of the Plan</u> - The amounts of the allowed secured claims and arrears claims provided for in this Plan represent the full extent of the Debtor's liability on those claims as of the date this case was filed. If the amounts of either the allowed secured claims or arrears claims are paid through this Plan, the applicable creditors may not thereafter assert that further amounts are due on their pre-petition claims.

(3) <u>Plan in Good Faith</u> - The Plan constitutes the Debtor's best efforts under all the circumstances, and was proposed in good faith, and all of the Debtor's projected disposable income will be applied to payments under the Plan. Confirmation of this Plan shall also constitute a finding that the terms of the Plan, including extension of the life of the Plan beyond thirty-six (36) months, are essential to the success thereof. Absent the proposed reorganization, the Debtor would likely have to relinquish possession of his or her residence at a foreclosure sale, likely resulting in the catastrophic loss of the home and the failure of the bankruptcy;

**(See additional § 9 provisions continued on attached page(s)).**

| Part 10: Signatures |
|---|

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Date: February 10, 2020

/s/Dawn T. Williams, ESQ.
COMMUNITY LEGAL SERVICES, INC.
Attorney for Debtor(s)
Community Legal Services, Inc.
1410 W. Erie Avenue
Philadelphia, PA 19140
Tel: (215) 227-2400
Fax: (215) 227-2435
Email: mwilson@clsphila.org

If Debtor(s) are unrepresented, they must sign below.

Date: _____        _____
                                 Debtor

Date: _____        _____
                                 Joint Debtor

**(continued on next page)**

8

**(continued)**

**§ 9(b): <u>ADDITIONAL PLAN PROVISIONS</u> - <u>CONFIRMATION OF THIS PLAN WILL CONSTITUTE A FINDING AND ORDER THAT</u>:**

(1) <u>Plan Amount Controls over Claim Amount</u> - Notwithstanding § 7(b)(2), above, the amount of a creditor's claim listed in Parts 3, 4 or 5 of the Plan shall control over any contrary amounts listed in the creditor's proof of claim.

(2) <u>Unsecured Claims</u> – Notwithstanding anything to the contrary in Part 5, above, unsecured claims being paid pro rata are not guaranteed a distribution, but rather shall be paid only to the extent there are available estate funds after payment of priority and secured claims. If the instant estate were liquidated under Chapter 7 of the Bankruptcy Code, the allowed unsecured claimants would be paid $0.00. Under this Plan, the allowed unsecured claimants will receive not less than that amount.

(3) <u>Plan Not An Admission</u> – The fact that this Plan provides for payment of the allowed secured claims of certain creditors shall not be deemed an admission that such creditors have allowed secured claims. The existence of such claims and the named creditors' right to payment is contingent on the claim allowance process and the resolution of any complaint, adversary proceeding, or other objection filed by the debtors to any claims filed by the named creditors or by any other creditors;

(4) <u>Late Proofs of Claims</u> - Any proof of claim or amendment thereto filed by a creditor after confirmation of this Plan will be deemed untimely and shall be treated as disallowed. The provisions of this Plan setting the amount of any creditor's allowed claim, secured, administrative, priority or unsecured, will govern over any conflicting amount indicated in proofs of claim filed by the creditor unless the amount indicated in the proof of claim is lower than the amount set in the plan;

(5) <u>Post-Confirmation Modification</u> - Upon resolution of any Adversary Proceedings, Motions, Objections or other proceedings in this case, if the amount(s) of any allowed secured claims, if any such claims are filed and allowed, renders the confirmed plan unfeasible or creates unexempt equity, then Debtors may move amend the Plan post-confirmation pursuant to 11 U.S.C. § 1329. The Plan may also be amended post-confirmation for any other purpose permitted under Section 1329;

(6) <u>Post-Confirmation Costs & Fees</u> - Upon confirmation of this plan, no creditor may assess against the Debtor or Debtor's estate any claim for attorney fees, administrative costs, or other collection costs or charges arising during the bankruptcy, except as permitted by 11 U.S.C. § 506(b) and upon entry of an order of approval of the Court after notice to the Debtor. Unless approved by the Court, the Debtor and the Debtor's estate shall have no liability for any such fees, costs or other charges arising or incurred during the plan, and there shall be no in rem liability against property held at any time by the Debtor or Debtor's estate. Any application for approval of fees, costs or other charges under this Paragraph shall meet the requirements of any applicable Rules of Bankruptcy Procedure, including but not limited to Fed. R. Bankr. P. 2016(a) and Fed. R. Bankr. P. 3002.1;

(7) <u>Secured Claims Not Provided For In Plan Not Paid by Trustee</u> - No payments shall be made by the trustee to the holders of secured claims that are not expressly provided for in § 4, above, whether or not the claims are filed or allowed. The holders of these secured claims shall retain any liens which they may have, unaffected by this plan. The claims shall not be discharged by the entry of a discharge order. The claims will be addressed by the Debtor outside the plan. These claims are expressly "not provided for" by this Plan within the meaning of 11 U.S.C. §§ 1325(a)(5) and 1328.

**(continued)**

**(continued)**

(8) <u>Effect of Dismissal or Conversion</u> – Pursuant to 11 U.S.C. §1325(a) (5) (B) (i) (II), if the Debtor's Chapter 13 bankruptcy case is dismissed or converted without completion of this plan, the secured creditors shall retain any liens that they may have on the Debtor's property to the extent recognized by the Code or by applicable non-bankruptcy law or by agreement of the parties. The terms of (i) any Orders entered by the Court or (ii) any settlement agreement(s) executed in settlement of Adversary Proceedings or motions filed in this case and executed between any creditors and the Debtor shall remain in full force and effect after dismissal or conversion of the bankruptcy case;

(9) <u>Credit Reporting</u> - No creditor shall enter or cause to be entered any adverse or derogatory information on a credit report or provide adverse or derogatory information to a credit reporting agency as long as the debtor is performing in compliance with this plan;

(10) <u>Adjustment of Records</u> - *Upon completion of the Debtor's Plan and within thirty (30) days of entry of a Discharge* Order by the Court, all creditors provided for by this plan, whether priority, secured or unsecured, shall adjust their account records so as reflect that no further amounts are due and owing on the debtor's accounts with the creditors. In the event that there is any dispute about the payment of these creditors, this Court shall retain jurisdiction to evaluate and enforce such creditors' compliance with the Debtor's plan;

(11) <u>Discharge of Debts</u> - Upon completion of the plan, all debts listed in the debtor's schedules, except those excepted by 11 U.S.C. § 1328(a) or as specifically provided for under this Plan, shall be discharged.

(12) <u>Retention of Jurisdiction</u> - The Bankruptcy Court's jurisdiction over the underlying bankruptcy case and any motion or Adversary Proceeding filed in this matter shall terminate upon entry of a discharge order by the Court. However, the Court shall retain jurisdiction to enforce the terms of this Plan or any order or decree entered by the Court.

13) <u>Amending Section 4(c)(1) of the Plan</u>: Section 4(c)(1) of this Plan is amended to read "**Except as provided in the Stipulation of Settlement**, **[a]**llowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

Date: October 21, 2020          /s/DAWN T.WILLIAMS
                                COMMUNITY LEGAL SERVICES, INC.
                                Attorney for Debtor(s)
                                Community Legal Services, Inc.
                                1410 W. Erie Avenue
                                Philadelphia, PA 19140
                                Tel: (215) 227-2400
                                Fax: (215) 227-2435
                                Email: dwilliams@clsphila.org

**(END)**